## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                  Case No. 05-20017-03-JWL

Juan Carlos Avina,

        Defendant.

### MEMORANDUM & ORDER

Defendant Juan Carlos Avina pled guilty to various drug trafficking crimes, including conspiracy to distribute and possess with the intent to distribute more than 50 grams of methamphetamine. The court ultimately sentenced Mr. Avina to 180 months imprisonment. This matter is before the court on Mr. Avina's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Avina asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. As will be explained, the motion is dismissed because the court lacks jurisdiction to reduce Mr. Avina's sentence.

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline

range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c).  U.S.S.G. § 1B1.10(a)(1).  Section 1B1.10(a)(2) provides that a reduction is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range.

The court is not authorized to reduce Mr. Avina's sentence.  At the time of sentencing, the PSR assigned Mr. Avina a base offense level of 38 (Mr. Avina was held accountable for a total equivalent of marijuana exceeding 30,000 kilograms).  After various enhancements and reductions, Mr. Avina received a total offense level of 42.  Because Mr. Avina's criminal history category was II, his applicable guideline range was 360 months to life imprisonment.  In sentencing Mr. Avina, the court varied from the applicable guideline range and sentenced Mr. Avina to 180 months.  After Amendment 782, the drug quantity table now assigns a base offense level of 36 for 30,000 kilograms or more of marijuana.  With the same enhancements and reductions Mr. Avina received at his sentencing, Mr. Avina would now have a total offense level of 40 with a corresponding guideline range of 324 to 405 months.  Nonetheless, because the sentence that Mr. Avina received in light of the downward departure is well below the amended guideline range, the court is not authorized to further reduce Mr. Avina's sentence. *See* U.S.S.G. § 1B1.10(b)(2)(A) (court shall not reduce a term of imprisonment to a term that is less than the minimum of the amended guideline range); *United States v. Valdez*, 492 Fed. Appx. 895, 899-900 (10th Cir. July 31, 2012) (defendant whose original sentence is below amended guideline range is eligible for relief only if original sentence was based on a downward departure based on substantial assistance to the government).

2

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Avina's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 374) is dismissed.

**IT IS SO ORDERED.**

Dated this 22nd day of April, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge