# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                    Case No. 05-20017-03-JWL

**Juan Carlos Avina,**

        **Defendant.**

## **MEMORANDUM & ORDER**

Defendant Juan Carlos Avina pled guilty to various drug trafficking crimes, including conspiracy to distribute and possess with the intent to distribute more than 50 grams of methamphetamine. The court ultimately sentenced Mr. Avina to 180 months imprisonment. This matter is presently before the court on Mr. Avina's motion to modify sentence in which he asks the court to order the Bureau of Prisons to place him in a community correctional facility (otherwise known as a "halfway house") for the final 12 months of his sentence beginning on November 7, 2019. As will be explained, the motion is dismissed for lack of jurisdiction.

Although Mr. Avina has framed his motion as a "motion to modify sentence," a federal court may modify a defendant's sentence only where Congress has expressly authorized it to do so. *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that

has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2). Mr. Avina has not shown that any of these exceptions apply here. The statute relied upon by Mr. Avina, 18 U.S.C. § 3621(b), does not authorize a sentencing court to modify a sentence in the manner requested by Mr. Avina. In fact, that statute expressly states that "any order" by the sentencing court that a defendant serve a term of imprisonment in a community corrections facility "shall have no binding effect" on the authority of the Bureau of Prisons to determine or change the place of imprisonment for that person. *See Moresco v. United States*, 1992 WL 372399, at *2 (10th Cir. Dec. 10, 1992) (district court lacked subject matter jurisdiction over defendant's motion to modify sentence where defendant sought an order for halfway house placement; none of the § 3582(c) exceptions applied and the conclusion that subject matter jurisdiction did not exist was further supported by § 3621(b), which gives primary authority to the executive branch over any petition pertaining to a prisoner's place of confinement).

In all likelihood, a § 2241 habeas petition is the proper procedural mechanism for Mr. Avina to utilize in connection with the relief he seeks. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (attacks focusing on where a sentence will be served seem to "fit better under the rubric of § 2241"). But a § 2241 petition must be filed in the district of confinement. *United States v. Mobarekeh*, 2017 WL 6506331, at *2 (10th Cir. Dec. 20, 2017) (jurisdiction over § 2241 petitions lies only in the district court for the district of confinement). Because Mr. Avina is not currently confined in this district, the court lacks jurisdiction over the motion.

In sum, because Mr. Avina has not shown a basis for the court's jurisdiction, the court must dismiss his motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Avina's motion to modify sentence (doc. 443) is dismissed.

**IT IS SO ORDERED.**

Dated this 4th day of January, 2018, at Kansas City, Kansas.

                                           s/ John W. Lungstrum
                                           John W. Lungstrum
                                           United States District Judge